IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAYMON EVERETT HOLMBERG,<br><br>Defendant. | Case No. 3:23-cr-00206<br><br>**MOTION FOR REVIEW OF DEFENDANT'S EXCEPTIONAL CIRCUMSTANCE RELEASE IN LIGHT OF HIS VIOLATION OF POST-PLEA CONDITIONS OF RELEASE** |

The United States of America, by Jennifer Klemetsrud Puhl, First Assistant United States Attorney, Acting under Authority Conferred by 28 U.S.C. § 515, hereby requests a review of Defendant Raymon Everett Holmberg's "exceptional circumstances" release following his violations of post-plea conditions of release, pursuant to 18 U.S.C. § 3148(b).

## I.   INTRODUCTION

Defendant plead guilty to one count of Travel with Intent to Engage in Illicit Sexual Activity. (18 U.S.C. § 2423(b)). (Doc. 33.) It is undisputed that Holmberg's case is governed by 18 U.S.C. § 3143(a)(2), which requires him to be taken into custody immediately unless "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). The parties agreed at the Change of Plea hearing that there were "exceptional circumstances" that justified Holmberg's continued release post-plea. These circumstances, as outlined by Holmberg's counsel at the hearing, included several medical conditions that Holmberg was currently suffering from: namely, orthopedic issues, recent back surgery, and an undiagnosed cardiac condition, among other minor ailments. This Court accepted the parties' agreement, allowing Holmberg to remain on

1

release pending sentence subject to certain post-plea release conditions, including location monitoring.

Holmberg has since violated these conditions. In a motion filed on October 15, 2024, the United States requested the Court hold a hearing on the violations at which time it submitted the Court may revisit the circumstances that gave rise to Holmberg's release to ensure that they are still "exceptional" such that he may remain on continued release.[1] (Doc. 37.) In response, this Court requested that the parties submit briefing regarding those facts and circumstances that the Eighth Circuit has determined give rise to the level of an "extraordinary circumstance" under 18 U.S.C. § 3145.

## II.     LEGAL STANDARDS

Section 3145(c) does not define the term "exceptional reason" nor has the Eighth Circuit definitively identified what type of "reasons" rise to the level of "exceptional." Rather, it has merely held that such reasons must be "clearly out of the ordinary, uncommon or rare." United States v. Nickell, 512 Fed. Appx. 660, 661 (8th Cir. 2013) (concluding that defendant's success in remaining drug free, his full cooperation with law enforcement, his fulltime employment and his care of his three young children while laudable and commendable were not "exceptional" as defined by its cases as "clearly out of the ordinary, uncommon or rare). In determining whether "exceptional reasons" have been shown, courts

---

[1] At the status conference on October 17, 2024, the Court opined that it did not need to hold a hearing to revisit this issue because it had the discretion to review an exceptional circumstance finding at any time. The United States does not disagree, but it wants the record to be clear that it is making this request only because Defendant is alleged to have violated his conditions of post-plea release. As such, the United States is requesting that the Court first hold a hearing on the violations.

2

undergo a fact-intensive inquiry on a case-by-case basis. United States v. Green, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. Mar. 12, 2003).

The Eighth Circuit cases thus far have focused primarily on what does not rise to the level of an "exceptional circumstance" under the statute. For instance, it is well settled that a defendant's compliance with the terms of his bond is not an "exceptional reason" allowing a defendant to remain free on bond. See United States v. Mahoney, United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007); United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007); United States v. Brown, 368 F.3d 992 (8th Cir. 2004); United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993). In Little, one of the "exceptional circumstances" supporting the district court's decision to allow the defendant to remain free on bond was his "timely appearance at all court proceedings." Id. 485 F.3d at 1210. In dismissing the notion that such conduct was "exceptional," the Eighth Circuit emphasized again that "exceptional" means "clearly out of the ordinary, uncommon, or rare." Id., 485 F.3d at 1211 (quoting Larue, 478 F.3d at 926) (internal quotations omitted). The Eighth Circuit then stated: "It is not exceptional to expect every defendant timely appear in court and to obey the court's order concerning pretrial conditions of release." Id

Similarly, in Larue, the district court failed to detain the defendant, finding it "exceptional" that Larue "had complied with the terms of his pretrial release." Id., 478 F.3d at 925. The Eighth Circuit reversed the district court's refusal to detain Larue, holding that "Larue's compliance with the terms of his pretrial release, [as well as other positive factors] are commendable, but they are not 'clearly out of the ordinary, uncommon, or rare.'" Id. (quoting United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004)).

In Brown, the Eighth Circuit held that the defendant had failed to show any "exceptional circumstances" where, among other things, his pretrial release had been incident-free. Brown, 368 F.3d at 993. And, in Mostrom, the Eighth Circuit held that "compliance with pretrial supervision and gainful employment up until the date of sentencing are not, in and of themselves, 'exceptional reasons' why such person's detention would not be appropriate." Mostrom, 11 F.3d at 95. It should be noted that in Larue, Little, Brown and Mostrom, the defendants' compliance with the terms of bond were just part of multiple reasons that the district court used to justify their decision not to detain the defendants. Here, of course, Holmberg has failed to comply with the conditions of his post-plea release.

The Eighth Circuit has also held that personal reasons such as caring for young children or ailing family members and being gainfully employed are not exceptional reasons. United States v. Schmidt, 515 Fed. Appx. 646, 647 (8th Cir. 2013); United States v. Tobacco, 150 F. Supp. 3d 1051, 1054 (D.S.D. Dec. 18, 2015); United States v. Green, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003). Even though the defendant in Schmidt was helping her elderly parents and otherwise cooperated with the court and conducted herself properly, none of these and other reasons, either individually or in combination were exceptional within the statue. Schmidt, 515 Fed. Appx. at 647. Likewise, in Tobacco, defendant was helping care for his child who had been diagnosed with lupus and in Green, the defendant was providing for his nine children. Neither of these personal circumstances even when combined with other factors such as pretrial compliance with conditions of bond were deemed to be "exceptional circumstances." As the district court in Green recognized: "these personal hardships in no way are unusual for a defendant facing incarceration," but rather

4

"the circumstances Defendant assigns at this time demonstrate nothing more than the all too common effects of criminal behavior." Green, 250 F. Supp. 2d at 1151.

Routine health conditions likewise do not present an "exceptional circumstance" under § 3145(c). Brown, 368 F.3d at 993 (finding that participation in a treatment program for depression was not exceptional); United States v. Wages, 271 Fed. Appx. 726, 728 (10th Cir. 2008) (concluding that defendant's need to use a wheelchair and his limited ability to hear, among other reasons, did not amount to "exceptional circumstances" requiring release pending sentence); United States v. Mellies, 496 F. Supp. 2d 930, 936 (M.D. Tenn. Jul 10, 2007) (finding that ongoing extensive dental treatment was not a sufficient reason for release pending sentence).

However, at least one district court has opined that pregnancy in certain circumstances is an exceptional reason. United States v. Garnette, 2022 WL 219608 (D.S.D. Jan. 25, 2022). Specifically, the federal district court in South Dakota determined that a defendant's pregnancy during the COVID-19 pandemic constituted an extraordinary reason why detention pending sentence would not be appropriate. Garnette, 2022 WL 219608 at *3. "For individuals facing presentence detention, the challenges presented by, for example, the need to ensure the care for young children with unique health problems are different than the challenges presented by pregnancy. Although the circumstance may give rise to new and significant challenges for those involved, young children can be placed in the care of others while the individual is in custody. A pregnant individual's child in utero cannot." Id. (internal citations omitted).

Other circuits have determined that defendants who are suffering from a terminal illness or a serious illness or injury meet the criteria of an "exceptional reason." United

5

States v. Meister, 744 F.3d 1236, 1239 (10th Cir. 2013); United States v. Garcia, 340 F.3d 1013, 1016 (9th Cir. 2003). Although the defendant in Garcia was diagnosed with lymphoma and undergoing chemotherapy following his conviction, the district court denied his motion for release pending sentence because it found the record was inconclusive as to his prognosis and as to the likelihood of his incapacity due to his illness or treatment and also noted that he could receive medical care in prison. Garcia, 340 F.3d at 1016. On appeal, the Ninth Circuit sought to identify some of the factors that alone or in combination with others may qualify under the statute. Id. at 2019.

For instance, the Court held that the district court could consider circumstances that would render the hardships of prison unusually harsh on a particular defendant. Id. "Chief among such circumstances is a sufficiently serious illness or injury." Id. The Court made clear that even if the requisite medical treatment is available in prison, a severely ill defendant might still be able to demonstrate exceptional reasons for release if for example it is important that he maintain an uninterrupted course of treatment while he remains in the care of a particular physician who is providing individual medical supervision to the patient. Id. at 1020. Other factors that may be considered alone or in combination with others included: the aberrational nature of the defendant's conduct, an exceptionally low risk of danger in combination with an aberrational act, the nature of the violent act itself, the length of the expected prison sentence, the defendant's unusual cooperation with the Government, and the nature of the defendant's arguments on appeal. Id. at 1019-1022. In conformance with its holding, the Court remanded the case to the district court to allow the parties to present additional evidence regarding Garcia's illness and his treatment. Id. at 1022.

Accordingly, the factors recognized by the circuit courts as "exceptional circumstances" are limited and are narrowly limited in the Eighth Circuit. But to be sure, there are health conditions that under certain circumstances meet this criterion. The United States does not dispute that Holmberg is elderly nor that he suffers from cardiac disease. Those factors contributed significantly to the United States agreeing "exceptional circumstances" existed to permit continued release at the time of his guilty plea. But that agreement was premised on Holmberg abiding by the court-imposed conditions of release. Holmberg's refusal to abide by those conditions—despite multiple warnings from his Supervising Probation Officer and the Court—has effected a significant change in circumstances post-plea. The United States therefore requests the Court to consider whether the "exceptional circumstances" that the United States believed existed at the time of the plea still exist.

Dated October 22, 2024

By:    */s/ Jennifer Klemetsrud Puhl*
JENNIFER KLEMETSRUD PUHL
First Assistant United States Attorney
Acting Under Authority Conferred by
28 U.S.C. § 515
Quentin N. Burdick United States Courthouse
655 First Avenue North - Suite 250
Fargo, ND  58102-4932
(701) 297-7400
ND Bar Board ID No. 05672
Jennifer.Puhl@usdoj.gov
Attorney for United States