IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) **ORDER OF DETENTION** |
| vs. | ) |
| Raymon Holmberg, | ) Case No. 3:23-cr-206 |
| Defendant. | ) |

Before the Court is the Government's "Motion for Review of Defendant's Exceptional Circumstance Release Post-Plea" filed on October 15, 2024. See Doc. No. 37. Both parties filed responsive pleadings on October 22, 2024. See Doc. Nos. 40 and 41. For the reasons set forth below, and in the broad exercise of its discretion, the Court orders the Defendant into detention.

I.      **BACKGROUUND**

On August 8, 2024, Defendant Raymon Holmberg pled guilty to Count One of the Indictment, a charge of Travel with Intent to Engage in Illicit Sexual Activity, in violation of 18 U.S.C. § 2423(b). See Doc. No. 33. The sex offense carries a statutory maximum sentence of thirty (30) years imprisonment. See Doc. No. 28; 18 U.S.C. § 2423(b). Both parties agree Holmberg's case is governed by 18 U.S.C. § 3143(a)(2) which requires him to be taken into custody immediately unless "it is clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c). See Doc. No. 40, p. 1 and Doc. No. 41, pp. 4-5. The Defendant has not yet been sentenced.

At the change of plea hearing, the parties stipulated there were "exceptional reasons" that supported Holmberg's continued release pending sentencing pursuant to 18 U.S.C. § 3145(c). At

1

the conclusion of the change of plea hearing, the Court agreed "exceptional reasons" existed for continuing his release, but not before it issued a judicial warning. The Court expressly warned Holmberg that it would be problematic if he continued to access the internet for the purpose of viewing pornography or otherwise violate the conditions of release. The Court set the sentencing hearing for a date to be determined because the U.S. Probation Office requested more time to review the voluminous discovery for the purpose of drafting the Presentence Investigative Report (PSR).

The Pretrial Services Officer filed a Status Report on October 10, 2024. See Doc. No. 36. As set forth in this most recent report, it is alleged Holmberg has continued to violate his post-plea conditions of release by accessing the internet, including using social media platforms on seven (7) occasions between August 13, 2024, and August 17, 2024. In the same report, it is alleged that Holmberg traveled to Fargo on August 7, 2024, to visit a residence without the prior approval of his Pretrial Release Officer.

The position of the Government is that Holmberg is required to go into custody because 18 U.S.C. § 3143(a)(2) mandates detention for any person found guilty of an offense described in 18 U.S.C. § 3142(f)(1)(A)-(E) and "exceptional reasons" no longer exist. Holmberg contends that "exceptional reasons" still exist within the meaning of 18 U.S.C. § 3145(c) to support his request for continued release pending sentencing.

## II.     LEGAL DISCUSSION

18 U.S.C. § 3143(a)(2) makes it difficult for a criminal defendant found guilty of certain violent offenses or drug trafficking crimes to secure release. After a guilty plea or conviction of one of the enumerated offenses in 18 U.S.C. § 3142(f)(1)(A)-(E), there is a presumption of

mandatory detention subject to a few limited exceptions. The relevant provisions of 18 U.S.C. § 3143(a)(2) provide as follows:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
>> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>>
>> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2) (emphasis added). The sex offense Holmberg pled guilty to is covered by 18 U.S.C. § 3142(f)(1)(A)-(E). Consequently, the Court must look to the provisions of 18 U.S.C. § 3143(a)(2) to determine whether the defendant should be released or detained. The defendant must be detained unless the "judicial officer finds that he has overcome the presumption of detention." United States v. Vallie, No. C4-01-03, 2001 WL 627432, at *2 (D.N.D. Apr. 12, 2001) (citing United States v. Meyers, 106 F.3d 936, 941 (10th Cir. 1997)). Thus the defendant, at this stage of the proceedings, is subject to mandatory detention unless one of the exceptions applies.

In order to overcome the presumption of detention the defendant must meet the conditions of 18 U.S.C. § 3143(a)(2)(A) and (B). A plain reading of the statute requires that when a defendant is found guilty of one of the enumerated offenses the judicial officer must find either that (1) there is a substantial likelihood that a motion for acquittal or new trial will be granted or that (2) the Government is not seeking imprisonment; and there is clear and convincing evidence the person is not likely to flee or impose a danger to any person or the community. See United States v. Bloomer, 967 F.2d 761, 762 (2d Cir. 1992); Vallie, 2001 WL 627432, at *3.

In other words, the conditions of 18 U.S.C. § 3143(a)(2) that would allow a voluntary surrender may be satisfied in one of two ways: (1) if there is a substantial likelihood that a motion for acquittal or a new trial will be granted; or (2) if an attorney for the Government has recommended that no sentence of imprisonment be imposed <u>and</u> the judicial officer finds by clear and convincing evidence that the person is not a flight risk or a danger to others. 18 U.S.C. § 3143(a)(2)(A) and (B). It is clear and undisputed that neither of these scenarios exist in this case. The defendant entered into a plea agreement and pled guilty to a sex offense involving a minor which carries a statutory maximum sentence of thirty (30) years imprisonment. <u>See</u> Doc. No. 28; 18 U.S.C. § 2423(b). Both parties agree the Government will be requesting a sentence of imprisonment. <u>See</u> Doc. No. 41, p. 5 and Doc. No. 37, p. 4. Accordingly, the defendant must be detained pursuant to 18 U.S.C. § 3143(a)(2).

However, there is one other potential avenue for a voluntary release or surrender. In 2001, the late Judge Rodney S. Webb recognized a potential safe harbor:

> Section 3145(c) provides that a defendant who is subject to detention under § 3143(a)(2), and who meets the requirements of § 3143(a)(1), may be ordered released by the judicial officer if it is clearly shown that there are exceptional reasons why defendant's detention would not be appropriate. <u>See</u> 18 U.S.C. § 3145(c). This part of § 3145(c) falls within the subsection entitled "Appeal from a release or detention order." <u>Id.</u>
>
> The Court admits that at first glance, the "exceptional reasons" provision would not seem to apply to the detention orders of the district court. However, the weight of authority is against that proposition. <u>See</u> <u>United States v. Jones</u>, 979 F.2d 804, 806 (10th Cir.1992) (noting that all circuits that have addressed the issue have ruled that the "exceptional reasons" provision does apply to district courts); <u>Burnett</u>, 76 F.Supp.2d at 849 (noting that a great majority of district courts to have considered the issue conclude that the provision applies to district court detention orders). In determining that this provision is available to district courts, the Fifth Circuit noted that the provision refers to the "judicial officer," a term also used in § 3143(a)(2) and (b)(2) when referring to the individuals initially ordering such mandatory detention. <u>See</u> <u>United States v. Carr</u>, 947 F.2d 1239, 1240 (5th Cir.1991). Consequently, the Fifth Circuit found it persuasive that the term "judicial officer" should be given a consistent definition throughout the release and detention chapter.

4

> See id. Finding no reason why Congress would have limited the "exceptional reasons" provision to the appellate courts, the Fifth Circuit concluded that district courts also had the power to use that provision notwithstanding that it was included in a section that generally covered appeals. Id.
>
> The Eighth Circuit Court of Appeals has yet to determine definitively whether the "exceptional reasons" provision of § 3145(c) is available to district courts. See United States v. Mostrom, 11 F.3d 93, 95 (8th Cir.1993) (accepting without analysis that the district court may consider whether exceptional reasons exist to release a defendant under § 3145(c)). This Court, however, is not the first in the Eighth Circuit to consider the issue. In United States v. Charger, Judge Kornmann, of the District of South Dakota, determined that the district court had authority under § 3145(c) to apply "exceptional reasons" in the first instance. See 918 F.Supp. 301, 304 (D.S.D. 1996). Based upon the overwhelming weight of both appellate and district court authority, the Court is persuaded that, if squarely faced with the issue, the Eighth Circuit would follow this trend. Accordingly, the Court concludes that it does have the authority to consider whether exceptional reasons exist making defendant's detention inappropriate under 18 U.S.C. § 3145(c).

Vallie, 2001 WL 627432, at *3-4.

Unfortunately, nowhere within the language of 18 U.S.C. § 3145(c) is the phrase "exceptional reasons" defined. The Eighth Circuit Court of Appeals has said that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare." United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) (quoting United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007)). What constitutes "exceptional reasons" is clearly left to the broad discretion of the sentencing judge on a case-by-case basis. See United States v. DiSommo, 951 F.2d 494, 497-98 (2d Cir. 1991) ("a case by case evaluation is essential" and the trial judge's discretion "is constrained only by the language of the statute").

Since *Vallie* in 2001, the Eighth Circuit has addressed the "exceptional reasons" exclusion within the meaning of 18 U.S.C. § 3145(c). See United States v. Nickell, 512 Fed. Appx. 660 (8th Cir. 2013) (remaining drug free, passing every drug test, regularly attending drug treatment, fully cooperating with law enforcement, maintaining full-time employment, and caring for three young children do not constitute "exceptional reasons"); United States v. Krantz, 530 Fed. Appx. 609

5

(8th Cir. 2013) (completing three tours of overseas military duty and working as a night nurse do not constitute "exceptional reasons"); United States v. Mahoney, 627 F.3d 705 (8th Cir. 2010) (doing "remarkably well on release" does not constitute an exceptional reason); Little, 485 F.3d 1210 (arrest despite defendant's offer to surrender upon indictment, compliance with pretrial release conditions, and timely appearance at all court proceedings do not constitute "exceptional reasons"); Larue, 478 F.3d 924 (compliance with conditions of pretrial release, lack of criminal record, payment of child support obligations, taking mental health medications, and maintaining employment do not constitute "exceptional reasons"). In *Larue*, the Eighth Circuit reversed the district court's refusal to detain Larue, holding that "Larue's compliance with the terms of his pretrial release, [as well as other positive factors] are commendable, but they are not 'clearly out of the ordinary, uncommon, or rare.'" Id.

The Eighth Circuit has also held that personal reasons such as caring for young children or ailing family members and being gainfully employed are not exceptional reasons. United States v. Schmidt, 515 Fed. Appx. 646, 647 (8th Cir. 2013); United States v. Green, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003). Even though the defendant in *Schmidt* was helping her elderly parents and had otherwise cooperated with the court and conducted herself properly, none of these and other reasons, either individually or in combination, were exceptional within the statute. Schmidt, 515 Fed. Appx. at 647.

Suffice it to say the Eighth Circuit Court of Appeals has consistently held that doing remarkably well on release; remaining drug-free; regularly attending treatment; working full-time; cooperating with an investigation; living a law-abiding lifestyle; lack of any criminal history; appearing at all judicial proceedings and hearings; and providing financial assistance or other assistance to children and other family members, or a family hardship, does not equate with

6

"exceptional reasons" under 18 U.S.C. § 3145(c). Further, the age of a defendant has not been recognized as an "exceptional reason" to avoid mandatory detention nor have medical conditions such as those Holmberg is dealing with at his age and station in life.[1]

Neither counsel for the Government nor the Defendant have provided the Court with any case law from the Eighth Circuit Court of Appeals which supports the legal argument that "exceptional reasons" exist in this case to warrant Holmberg remaining on release while awaiting sentencing. The Defendant is 80 years old and has a litany of medical ailments, but there is no case law in this circuit that has held that such factors equate with "exceptional reasons" to avoid mandatory detention.

### III.     CONCLUSION

Courts are essentially left to arbitrarily determine what constitutes "exceptional reasons" under 18 U.S.C. § 3145(c). The statute provides district courts with broad discretion and simply requires the sentencing judge to find the defendant's situation is unique, or out of the ordinary, or uncommon so as to make detention inappropriate. In 1964, in the case of *Jacobellis v. Ohio*, Justice Potter Stewart tried to explain what was obscene under federal law by saying "I know it when I see it." 378 U.S. 184, 197 (1964). The same vagaries and unpredictability pervade the term "exceptional reasons" within the meaning of 18 U.S.C. § 3145(c). As a sentencing judge one needs to simply know it when you see it, and rule accordingly.

---

[1] The Court has carefully reviewed nearly 900 pages of medical records and reports provided by defense counsel. See Doc. No. 44. Holmberg's medical conditions include sleep apnea, hypertension, spinal stenosis – status post-surgery (lumbar laminectomy at L3), atrial fibrillation, moderate aortic valve stenosis, and related cardiac conditions. Holmberg currently walks 10,000 steps daily without any symptoms, and his cardiac conditions will be monitored with yearly echocardiograms. See Doc. No. 44, pp. 2-15.

In the broad exercise of discretion, and after giving careful consideration to Eighth Circuit case law, the Court concludes there are no "exceptional reasons" in this particular case for Holmberg to avoid mandatory detention under 18 U.S.C. § 3145(c). The Court initially agreed with counsels' joint recommendation that "exceptional reasons" existed at the time of the change of plea hearing on August 8th to allow Holmberg to remain on release while awaiting sentencing. However, after carefully reviewing the case law in the Eighth Circuit, and considering the briefs and legal arguments of the parties, the Court finds the Defendant has failed to sustain his burden of proof to overcome the presumption of detention.[2]

Since the entry of a guilty plea on August 8, 2024, Holmberg's overall conduct does not equate with a good faith effort to fully adhere to all of the conditions of his release while awaiting sentencing. More important, even if he had fully complied with all such conditions, that would not constitute "exceptional reasons" to avoid mandatory detention. Accordingly, the Defendant shall voluntarily surrender to the United States Marshals Service in Fargo, North Dakota on Friday, November 1, 2024, on or before 1:00pm. The U.S. Marshals Service will contact the Defendant and/or his defense counsel shortly with more specific instructions on where to surrender on November 1, 2024.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2024.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

---

[2] The Court recognizes that it is only alleged the Defendant may have violated his conditions of post-plea release. However, there is no need to hold a hearing on the alleged violations at this stage. The Court has the broad discretion to first address the threshold legal issue of whether "exceptional reasons" even exist to avoid mandatory detention under 18 U.S.C. § 3145(c). None exist in this case.